## MURPHY, ESTATE OF, In Re

Ohio Appeals, 8th Dist, Cuyahoga Co

No 16125.   Decided March 31, 1938

STEVENS, PJ, DOYLE and WASHBURN, JJ, (9th Dist) sitting by designation.

Singer & Singer, Cleveland, for appellant. Turney, Stephens, Verhunce, Mihelich, & Stephens, Cleveland, for appellee, Edith Stickle Wolfe.

### OPINION

By WASHBURN, J.

The real question in this appeal on ques- tions of law is as to whether the Common Pleas Court erred in dismissing the appeal on questions of law and fact of Margaret Brandis, executrix of the will of Bingham W. Murphy, deceased, from a judgment of the Probate Court against her for convert- ing to her own use certain assets of said estate.

The question is not whether the judg- ment of the Probate Court was erroneous but whether the appeal prosecuted by Mar- garet Brandis for the purpose of having determined the correctness of said judg- ment was improperly dismissed by the Common Pleas Court.

There is a preliminary question arising upon a motion filed to dismiss the appeal from the Common Pleas Court to this court.

On that preliminary question the rec- ord discloses that the appeal from the Pro- bate Court was docketed in the Common Pleas Court on December 30, 1936, when a transcript of the docket and journal en- tries of the Probate Court was filed in the Common Pleas Court; that on January 16, 1937, a motion to dismiss said appeal was filed, and that, on January 28, 1937, in the absence of counsel for Mar- garet Brandis, the court entered upon its journal simply the following: "The motion to dismiss appeal is granted, and excep- tions noted."

The record further discloses that on February 25, 1937, notwithstanding said dismissal above mentioned, the court en- tered upon its journal the following: "Motion to dismiss appeal is granted, to which appellant excepts. Thereupon, the appeal is dismissed at the cost of the ap- pellant, for which judgment is rendered."

The record also discloses that on March 4, 1937, the court, upon the oral motion of Margaret Brandis, set aside the afore- mentioned two dismissal entries, and on the same day and as a part of said entry, en- tered the following upon the journal: "Com- ing now to the consideration of the mo- tion of the movant Edith S. Wolfe, to dis- miss the appeal from the Probate Court of Margaret Brandis, the court hereby grants said motion to dismiss said appeal and said appeal is hereby dismissed."

All of these entries of dismissal were made during the same term of court.

On March 4, 1937, the day of the last entry of dismissal, notice of appeal to this court was filed in the Common Pleas Court, as was also a precipe for a transcript. On March 12, 1937, a transcript of the docket

and journal entries of the Court of Common Pleas was filed in this court, and on the same day a motion was filed to dismiss said appeal to this court. In substance the grounds set forth in said motion are:

1. That a motion for a new trial was not filed in the Probate Court.

2. That the appellee attempted to prosecute appeals from the Probate Court to the Common Pleas Court and to the Court of Appeals at one and the same time.

3. That no assignment of errors was filed in this court within the time limited by law.

4. That no briefs were filed within the time limited by the rules of this court.

Assignment of error and briefs were filed on April 14, 1937, and the ▆▆▆▆▆ failure to file the same sooner does not deprive this court of jurisdiction.

The other matters set forth in said motion to dismiss the appeal in this court do not set forth any grounds which would justify this court in dismissing the appeal to this court.

The motion to dismiss the appeal to this court is overruled.

Did the Common Pleas Court err in dismissing the appeal from the Probate Court to that court? That appeal was taken on questions of law and fact, and if properly perfected entitled Margaret Brandis to a trial in the Common Pleas Court "in the same manner as though the Court of Common Pleas had original jurisdiction thereof." §10501-56 GC.

On that question the record discloses that the judgment of the Probate Court, from which an appeal to the Common Pleas Court on questions of law and fact was attempted to be made, was entered in the Probate Court on October 30, 1936; that on November 10, 1936, a motion to vacate said judgment was filed; that on November 17, 1936, the hearing on said motion was continued to December 8, 1936; that the notice of appeal to the Common Pleas Court was filed in the Probate Court on November 17, 1936; and that on November 19, 1936, the Probate Court fixed an appeal bond, which was filed on the same day and was approved on the same day by the Probate Court.

It thus appears that the judgment of the Probate Court was entered on October 30, 1936, and that a notice of appeal to the Common Pleas Court, which probably was not necessary (§12223-3 GC) was filed on November 17, 1936, which is within the time

required by law for the filing of such a notice of appeal, if necessary; and it also appears that the prerequisite undisputably necessary to the appeal was complied with by the filing of a bond within the time required by §10501-57 GC. which bond was approved by the Probate Court.

**In Re, Estate of Logan, 133 Oh St 341.**

The fact that there was pending in the Probate Court, at the time the notice of appeal was filed, a motion to vacate the judgment of the Probate Court, and which was never disposed of, did not preclude the appeal, notice of which was filed and bond for which was filed within twenty days after the entry of judgment by the Probate Court.

This was a statutory appeal, and, if properly perfected, entitled the party to a trial de novo in the Common ▆▆▆▆▆ Pleas Court, and therefore the perfection of said appeal was an abandonment, by the party appealing, of said motion to vacate the judgment of the Probate Court, and did not in any manner affect said judgment or the right to appeal within twenty days from the entry of said judgment for a trial de novo.

The fact that no bill of exceptions was prepared and filed, and the fact that no motion for a new trial was filed, is of no consequence, as the appeal for ▆▆▆▆▆ trial de novo was permitted by law, and was perfected within the time provided by law.

We can find no good reason for the dismissal of the appeal by the Court of Common Pleas, and its judgment of dismissal will therefore be reversed, and the cause remanded to the Common Pleas Court for proceedings according to law.

STEVENS, PJ, and DOYLE, J, concur in judgment.